IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM RIVERA, )<br>No. M03840, )<br>)<br>          **Plaintiff,** )<br>)<br>   vs. )<br>)<br>WARDEN RAINES, )<br>JAMES MYOTOBA, )<br>DEE DEE BROOKHARDT, )<br>COUNSELOR CARRELL, and )<br>IDOC DIRECTOR, )<br>)<br>          **Defendants.** ) | Case No. 16-cv-00450-SMY |

## MEMORANDUM AND ORDER

Plaintiff Adam Rivera is an inmate currently housed in Robinson Correctional Center. Pursuant to 42 U.S.C. § 1983, he brings this action for deprivations of his constitutional rights and violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.* More specifically, Rivera alleges that prison officials did not allow his religion, Nation of Gods & Earths, to conduct religious services when all other religions are permitted to conduct services.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **THE COMPLAINT**

According to the Complaint, in August 2015 Plaintiff Rivera sent a request to Chaplain James Myotoba seeking to have services conducted for his religion, Nation of Gods & Earths, at Robinson Correctional Center. The request was denied due to a lack of space and for security reasons. Even when Plaintiff pointed out that there were openings on the schedule, Chaplain Myotoba denied the request. Plaintiff's request to Assistant Warden of Programs Dee Dee Brookhardt went unanswered.

Plaintiff next filed a grievance. In response, Counselor Carrell reiterated that there was no space and that security concerns justified denying Plaintiff's request. Grievance Officer S. Johnson (who is not a named defendant) also denied the grievance and Warden Raines concurred with that decision. The Illinois Department of Corrections Administrative Review Board upheld the denial of Plaintiff's grievance.

Plaintiff alleges that Raines, Myotoba, Brookhardt, Carrell and John Baldwin, the Director of the Illinois Department of Corrections, prevented him from exercising his religious faith, subjected him to cruel and unusual punishment, denied him due process and the equal protection of the law and violated RLUIPA. All defendants are sued in their individual and official capacities. Plaintiff seeks injunctive relief and punitive damages.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants failed to allow Plaintiff to practice his religion in violation of the Free Exercise Clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, and the Due Process and Equal Protection Clauses of the Fourteenth Amendment; and**
>
> **Count 2: Defendants denied Plaintiff's grievances in violation of the Due Process Clause of the Fourteenth Amendment.**

## DISCUSSION

*Personal Involvement*

As a preliminary matter, the personal involvement of the named defendants must be assessed relative to the constitutional claims brought pursuant to 42 U.S.C. § 1983. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Liability may also attach to acts that occur with a government official's consent. *Brokaw v. Mercer County*, 235 F.3d 1000, 1012 (7th Cir. 2000). However, because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Here, the Complaint sufficiently alleges personal involvement on the part of Chaplain Myotuba, Warden Raines, Assistant Warden Brookhardt and Counselor Carrell. However, there is no reference in the narrative of the Complaint to named defendant "IDOC Director."

Therefore, "IDOC Director" will be dismissed without prejudice as a defendant as to any and all constitutional claims.

### Count 1

#### a. First Amendment

The First Amendment "prohibits government from making a law 'prohibiting the free exercise [of religion].' " *Cruz v. Beto,* 405 U.S. 319, 322 (1972) (alteration in the original). The Supreme Court has repeatedly held that prisoners retain the protections of the First Amendment. *See, e.g., O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987); *Pell v. Procunier,* 417 U.S. 817, 822 (1974).

In order to state a claim under the Free Exercise Clause of the First Amendment, a plaintiff must allege facts to plausibly suggest that his "right to practice [his chosen religion] was burdened in a significant way." *Kaufman v. McCaughtry,* 419 F.3d 678, 683 (7th Cir. 2005). Plaintiff's Complaint states colorable free exercise claims against Defendants Raines, Myotoba, Brookhardt and Carrell, all of whom at least consented to the denial of Plaintiff's request for religious services. Therefore, the First Amendment aspects of Count 1 shall proceed.

#### b. RLUIPA

The Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*, prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless that burden: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a)(1)-(2). However, "[u]nlike cases arising under the Free Exercise Clause of the First Amendment, this prohibition applies even where the burden

on the prisoner 'results from a rule of general applicability.' " *Koger v. Bryan,* 523 F.3d 789, 796 (7th Cir. 2008) (quoting 42 U.S.C. § 2000cc–1 (a)).

Although Plaintiff has generally stated a colorable RLUIPA claim, the RLUIPA does not authorize a suit for money damages against defendants in their individual capacities. *Grayson v. Schuler,* 666 F.3d 450, 451 (7th Cir. 2012); *Maddox v. Love,* 655 F.3d 709, 717 (7th Cir. 2011). Therefore, the RLUIPA claim in Count 1 against the defendants in their individual capacities shall be dismissed with prejudice. The official capacity RLUIPA claims shall proceed against Defendants Raines, Myotoba, Brookhardt and Carrell.

   c. *Fourteenth Amendment*

The Fourteenth Amendment's Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests," such as religious freedom. *See Washington v. Glucksberg,* 521 U.S. 702, 720 (1997). However, in this situation, any substantive due process claim stemming from being denied religious services is rooted in the Free Exercise Clause of the First Amendment and would be duplicative of that claim. Therefore, the substantive due process claim set forth in Count 1 will be dismissed without prejudice. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir.2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels.").

The Equal Protection Clause of the Fourteenth Amendment, however, offers a basis for a distinct claim. The Equal Protection Clause requires the State to treat all similarly situated people equally. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). All prisoners do not have to receive identical treatment and resources. *See Cruz*, 405 U.S. at 322 n. 2. As a general matter, a "prison administrative decision may give rise to an equal protection

claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.' " *Merriweather v. Faulkner*, 821 F.2d 408, 415 n. 7 (7th Cir. 1987). Meaning that a particular group was singled out for disparate treatment. *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996).

Here Plaintiff has stated a colorable Equal Protection claim regarding how, among all the faiths represented at the prison, only the Nation of Gods & Earths is not permitted to conduct services. There is also a suggestion that the stated reasons for denying services were pre-textual. Therefore, the Equal Protection Clause claim within Count 1 shall proceed.

### d. Eighth Amendment

The Complaint generally alleges that the denial of religious services constitutes cruel and unusual punishment, which is forbidden under the Eighth Amendment. U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Here, An Eighth Amendment claim is duplicative of Plaintiff's First and Fourteenth Amendment claims. Moreover, the denial of religious services under the circumstances set forth in the Complaint does not equate to cruel and unusual punishment. *See Wilson v. Seiner,* 501 U.S. 294, 298 (1991) (to violate Eighth Amendment, conditions of confinement must "constitute[ ] the 'unnecessary and wanton infliction of pain' " and "deprivations denying the 'minimal civilized measure of life's necessities' ") (quoting *Rhodes v. Chapman,* 452 U.S. 337, 348-49, 346 (1981)). *See Burns v. Long*, 44 F.3d 1031 (D.C. Cir. 1994).

Accordingly, the Eighth Amendment claim stated in Count 1 will be dismissed without prejudice. *See Conyers,* 416 F.3d at 586.

*COUNT 2*

Count 2 presents a Fourteenth Amendment procedural due process claim premised upon the denial of Plaintiff's grievances and requests for religious services. This claim is problematic because state "inmate grievance procedures do not give rise" to constitutional claims. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Although Defendants Raines, Myotoba, Brookhardt and Carrell can be said to be involved in the underlying religious deprivation, Count 1 addresses those issues, making Count 2 duplicative.

## DISPOSITION

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **IDOC DIRECTOR** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that, with respect to **COUNT 1**, the RLUIPA claim in Count 1 against the Defendants in their individual capacities is **DISMISSED with prejudice**; the Fourteenth Amendment substantive due process claim, and the Eighth Amendment cruel and unusual punishment claim are **DISMISSED without prejudice**. **COUNT 1** shall otherwise **PROCEED** against Defendants Raines, Myotoba, Brookhardt and Carrell with respect to the First Amendment free exercise claim, the official capacity RLUIPA claim, and the Fourteenth Amendment equal protection claim.

**IT IS FURTHER ORDERED** that **COUNT 2**, the procedural due process claim is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants **RAINES, MYOTOBA, BROOKHARDT and CARRELL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive

Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  Consequently, Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States**

**Magistrate Judge Philip M. Frazier** for further pre-trial proceedings, including consideration of Plaintiff's motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 23, 2016**                                             **s/ STACI M. YANDLE**
                                                                                              **United States District Judge**